## CIRCUIT COURT OF PAGE COUNTY

Town of Luray

  v.

Export & Import Leather Co.

January 24, 1989

Case No. (Chancery) 3966

By JUDGE JOSHUA L. ROBINSON

In this Amended Bill to quiet title, the specific language of the deed creating a conditional option to repurchase real estate is dispositive.

The facts are not in dispute and are determined from the Amended Bill and Answer. In 1954, the Town of Luray (Town) contemplated the construction of a sewage disposal plant, and Export and Import Leather Company, Inc. (Tannery), a now dissolved Virginia corporation, conveyed to the Town with general warranty (1) a tract described by metes and bounds containing 2.91 acres, and (2) an easement for maintaining a sewage line under an adjoining tract.

The deed included the following language:

> It is agreed between the parties hereto that said sewer main shall be and remain the property of the town . . . and, further, that the property conveyed by this deed is being conveyed as the location for the proposed sewage disposal plant of the Town of Luray, and it is understood between the parties hereto that if the location of said proposed disposal plant be changed to other land than the above-described

land, then and in that event, the Export & Import Leather Company, Incorporated, shall have the right and privilege of repurchasing said land at the same price as now paid by the Town of Luray under this deed.

Before its dissolution, the Tannery conveyed "any and all interest in any real estate . . ." situate in Page County, Virginia, to a partnership which subsequently conveyed those interests to the present defendants.

Paragraph 4 of the Amended Bill alleged that soon after the "above-noted conveyance," the Town of Luray constructed a sewage disposal plant on the said tract of land and thereafter continuously operated the same for approximately thirty years; although the Answer to the Amended Bill stated that the defendants were "without sufficient information or knowledge to admit or deny the allegations of paragraph 4 but believe the same to be true and correct," the defendants, at the bar of the Court, admitted the truth of the allegation that the sewage disposal plant had been constructed on the tract and had been operated for about thirty years.

The Town also admitted at the bar of the Court that it had ceased to use the lot for sewage disposal purposes in about 1979, and although it had no present plans, it may or may not wish to use the lot for such purposes in the indefinite future.

The defendants contend that because the lot is no longer used for the purpose contemplated, they succeed to the rights of the Tannery and they have the right to repurchase the lot for the original purchase price which they tender with their Answer.

The Town contends that it is entitled to have title to the lot quieted because: (1) the construction of the sewage plant on the lot terminated the condition of the easement, and (2) that the option could be exercised only by the Tannery, and the conveyance of "any and all interests in real estate" to defendants was ineffectual to convey the option; and (3) adverse possession.

Neither party raises the rule against perpetuities which is, of course, applicable to option contracts, and whether the parties contemplated that, if the option could be exercised, it must be exercised within a commercially

reasonable time limitation of less than twenty-one years. See, *The Ryland Group v. Wills*, 229 Va. 459, 463, 465 (1985).

Nor need we consider whether the option is an interest in real estate.

The intent of the parties is stated in the language of the deed; it is clear that the property was conveyed as a location for a *proposed* sewage disposal plant, and the operative language is: "it is understood between the parties hereto that *if* the location of the *proposed* disposal plant be changed to other land . . . then and in that event, the [Tannery] shall have the right and privilege of repurchasing . . . ." (Emphasis supplied). The language speaks in terms of the location of the *proposed* plant. Once the plant was constructed on the tract in question, then the option was terminated because the condition precedent to the right to exercise the option no longer existed.

We cannot read into the instrument language which is not there to find a construction giving the Tannery the right to repurchase in the event the use of the tract as a sewage disposal plant ever terminated; if the intent were to create a reversion or a reverter, the instrument could have so provided in appropriate language. Because this issue is dispositive, we need not consider the other issues raised.

The Town is entitled to a decree quieting title.